[Civ. No. 11864.   First Dist., Div. Two.   Oct. 6, 1941.]

LELAND S. MURPHY, Respondent, v. DRAKES BAY OYSTER COMPANY (a Corporation), Appellant.

Crist & Beene for Appellant.

Martinelli & Gardiner for Respondent.

DOOLING, J. *pro tem.*—This appeal is taken by Drakes Bay Oyster Company, a corporation, from a judgment quieting plaintiff's title to certain tide lands lying between the lines of ordinary high tide and ordinary low tide, and for $300 damages for appellant's occupation and use of a portion of such tide lands for oyster culture during a period of three years.

These tide lands lie within certain esteros or fingers running from Drakes Bay into the upland. Plaintiff by mesne conveyances has become the owner of the uplands bordering on these esteros and also of five tide land patents issued by the State of California in 1874 to the tide lands at that time lying within such esteros. The evidence showed that at the present time both the lines of high and low tide lie seaward of the lines of the original grants.

■ The judgment quiets plaintiff's title in the tide lands in question to the present line of ordinary low water in each case. Appellant contends that this judgment is erroneous because there is no evidence that the tide lands lying seaward of the original patents are the result of accretions.

The only direct testimony on the subject was given by the witness Oglesby who was employed by both parties to make a survey of the disputed tide lands. He testified that certain of the land below the ordinary high tide line at the time of the original survey by gradual alluvial deposit or some sort of accretion is now above the tide line. It also appears that the disputed land lying seaward of the original low tide line is composed of sand and mud. The inference that the extension of both high tide line and low tide line seaward from the lines of the original surveys is the result of accretions was properly drawn from these facts.

■ Appellant further urges that the court erred in not apportioning these accretions between the tide lands owned by plaintiff and other tide lands title to which was retained by the state, citing *Fraser's Million Dollar Pier Co.* v. *Ocean Park Pier Co.*, 185 Cal. 464 [197 Pac. 328, 198 Pac. 212], and *Swarzwald* v. *Cooley*, 220 Cal. 438 [31 Pac. (2d) 381].

The difficulty with this argument is that the record is entirely devoid of any proof that there were any tide lands along the shores of the esteros in question retained by the state. The several patents to plaintiff's predecessor describe the tide lands conveyed by the state by running a course along the outer boundaries of the upland grant, which ran to the line of ordinary high tide, and closing it in each instance by "thence leaving said boundary and following the line of ordinary low water . . . to the place of beginning." The evidence shows that the banks along these esteros are from two to more than twenty-five feet in height. Plaintiff having proved these facts and further proved that the line of low tide adjacent to the low tide line described in these patents now lies seaward of the original line, in the absence of any showing that there had ever been any other tide lands to which a portion of these accretions might have attached, was entitled to the judgment given. It was not incumbent upon plaintiff to prove the negative that there were no other tide lands adjacent to any portion of these accretions, but the burden was on defendant to prove that such tide lands

in fact existed. In the absence of such proof the court was entitled to find that all of such accretions were to the only tide lands proved to lie adjacent thereto. It is conceded, as it must be, that if these accretions were to plaintiff's tide lands the judgment quieting plaintiff's title thereto was proper. (*City of Oakland* v. *Buteau,* 180 Cal. 83, 87 [179 Pac. 170].)

Appellant does not question the judgment for $300 if the judgment quieting title is correct.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.